**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DANIEL L. CREGUT,**

                 **Petitioner,**

       v.                               **CASE NO. 20-3025-SAC**

**DAN SCHNURR,**

                 **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

Petitioner was convicted in the District Court of Shawnee County of one count of attempted first-degree murder, two counts of attempted second-degree murder, three counts of aggravated assault with a deadly weapon, two counts of aggravated burglary, one count of aggravated criminal threat, one count of criminal threat, one count of kidnapping, one count of stalking, one count of violation of a protective order, and one count of criminal damage to property. On direct appeal, the Kansas Court of Appeals (KCOA) overturned the conviction of aggravated criminal threat but affirmed his convictions on the remaining charges. *State v. Cregut*, 399 P.3d 285 (Table), 2017 WL 2834851 (Kan. App. Jun. 30, 2017), *rev. denied*, Dec. 22, 2017.

On January 14, 2019, petitioner filed a state post-conviction action under K.S.A. 60-1507. The state district court denied the

motion on June 26, 2019. On July 12, 2019, petitioner filed a notice of appeal[1]. The state court docket contains the notation, "NOA filed by Daniel Cregut, Pro Se to the Court of Appeals". Case No. 19-cv-000026, Shawnee County, Kansas, July 12, 2019.

Petitioner filed this action on January 17, 2020.

## Discussion

After the state district court denied relief in petitioner's post-conviction action on June 26, 2019, petitioner had thirty days to appeal that decision. K.S.A. 60-2103(a). He filed a notice of appeal on July 12, 2019, within the appeal period, but it does not appear that petitioner has submitted a docketing statement[2] to the Kansas Court of Appeals as required by Supreme Court Rule 2.041. The appeal therefore has not proceeded.

As noted, under Rule 2.041, the time for filing a docketing statement normally is 60 days but may be extended upon a showing of good cause. Because petitioner may be able to pursue the appeal from the denial of his post-conviction action, the Court will grant him thirty days to seek permission to file the docketing statement out of time if he wishes to proceed in that appeal. Petitioner will be directed to provide a status report to the Court.

## Motion to appoint counsel

Petitioner moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to

---

[1] In constructing this timeline, the Court has consulted on-line records maintained by the Kansas courts. *See* Kansas.gov/countyCourts/search/records.

[2] Under the rules of the state supreme court, an appellant 60 days after filing a notice of appeal in the district court to file a docketing statement in the state appellate court. Sup. Ct. R. 2.041. The rule allows an appellant to move to docket an appeal out of time and requires a showing of good cause.

appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court finds no grounds to appoint counsel at this time. First, if petitioner chooses to pursue additional state court remedies, he may request assistance with his state appeal from a state organization that provides legal services to prisoners. Next, the claims he presents do not appear to be unusually complicated. Finally, petitioner appears to be capable of clearly expressing his claims for relief.

## Conclusion

The Court grants petitioner to and including **August 10, 2020,** to seek leave to file a docketing statement in the Kansas appellate courts, if he wishes to proceed on the appeal from his post-conviction action. Petitioner is directed to file a status report with the Court on or before **August 10, 2020.**

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to

proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner's motion for the appointment of counsel (Doc. 4) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including **August 10, 2020,** to seek leave to file a docketing statement in the Kansas appellate courts and is directed to submit a status report to this Court by that date.

**IT IS SO ORDERED.**

DATED:  This 10th day of July, 2020, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```