**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DANIEL CREGUT,**

                **Petitioner,**

       v.                                **CASE NO. 20-3025-SAC**

**DAN SCHNURR,**

                **Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. For the reasons that follow, the Court directs petitioner to show cause why this matter should not be dismissed due to his procedural default or, in the alternative, to file an amended petition that presents grounds that were properly exhausted in the state courts.

### Background

During its initial review of the petition, the Court discovered that petitioner had filed a notice of appeal in a state post-conviction action filed under K.S.A. 60-1507 but had not docketed the appeal in the Kansas appellate courts. As a result, the appeal had not proceeded.

On July 10, 2020, the Court granted petitioner to and including August 10, 2020, to seek leave to proceed out of time in that matter. Petitioner was directed to submit a status report by August 10. Petitioner did not file that report, and the Court's subsequent review of on-line records maintained by the state district courts shows that on July 27, 2020, petitioner filed a motion to withdraw the action under 60-1507.

### Analysis

Because petitioner has not made any apparent effort to complete the appeal from the state post-conviction action, the Court has again reviewed the petition and finds that the three grounds for relief he presents, namely, ineffective assistance by trial and appellate counsel and prosecutorial misconduct, have not been exhausted.

Under the exhaustion doctrine, a federal court ordinarily may not grant habeas corpus relief until the petitioner has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014). The exhaustion doctrine requires a prisoner to "give state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Id.*, (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, if petitioner abandons or is unable to complete appellate review of his action under 60-1507, the claims presented in that action will be considered unexhausted. Under those circumstances, a petitioner's unexhausted claims cannot be considered in habeas corpus unless he establishes cause and prejudice for his default of state court remedies. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). In this context, "cause" requires a prisoner to show that an objective, external factor impaired his efforts to comply with state procedural rules. *Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003)(citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "Prejudice" requires a showing of "actual prejudice as a result of the alleged violation of federal law." *Fairchild v. Trammel*, 784 F.3d 702, 719 (10th Cir. 2015)(citing *Coleman*, 501 U.S. at 750). Likewise, a procedural default may be excused if a petitioner can show that the failure to consider the defaulted claim would "result in a fundamental miscarriage of

justice. To proceed under this exception, petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Accordingly, to proceed in this matter, petitioner must show cause and prejudice for his defaulted claims or a fundamental miscarriage of justice; in the alternative, he may amend his petition to present only claims that were properly exhausted in the state courts. Petitioner is given an opportunity to show grounds to excuse his procedural default or to submit an amended petition. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **September 14, 2020,** to show cause why he should be allowed to proceed on his unexhausted claims, or, in the alternative, to file an amended petition that presents claims that were properly exhausted.

**IT IS SO ORDERED**.

DATED:  This 14th day of August, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge